**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THERESA OWENS<br>1234 Prospect Street<br>Ewing, NJ 08638<br><br>    Plaintiff,<br><br> v.<br><br>AMAZON.COM SERVICES, LLC<br>410 Terry Avenue North<br>Seattle, WA 98109<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION

Plaintiff, Theresa Owens ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Amazon.com Services, LLC ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10-5:1, *et seq.*, by failing to engage in an interactive process of determining a reasonable accommodation for her disability; by discharging Plaintiff on account of her disability and/or because Defendant regarded her as being disabled within the meaning of the ADA/NJLAD; and in retaliation for requesting a reasonable accommodation in connection thereto.

## PARTIES

2. Plaintiff Theresa Owens is an adult American citizen residing at 1234 Prospect Street, Ewing, NJ 08638.

3.     Defendant Amazon.com Services, LLC, is a limited liability company with a registered office address located at 410 Terry Avenue North, Seattle, WA 98109, and a place of business located in the State of New Jersey at 50 New Canton Way, Robbinsville Twp, NJ 08691.

**JURISDICTION AND VENUE**

4.     Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.     On or about May 5, 2020, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC") thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e).  Plaintiff's Complaint was docketed as EEOC Case Number: 530-2020-03673.  Plaintiff's Complaint was filed within one hundred and eighty (180) days of the unlawful employment practice, i.e. discrimination and retaliation on account of a disability.

6.     By correspondence dated May 12, 2021, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge of Discrimination, advising her that she had ninety (90) days to file suit against Defendant.

7.     Plaintiff filed the instant matter within the relevant statutory timeline.

8.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9.     This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"),

10.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claim.

12. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

**FACTS**

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began her employment with Defendant in or around September 2017, in the position of Associate, at Defendant's place of business located at 50 New Canton Way, Robbinsville Twp, NJ 08691.

15. At all times material hereto, Plaintiff received positive reviews of her performance, occasional praise, and no justifiable discipline.

16. By way of background, in or around 2014, Plaintiff was diagnosed with a Chiari Malformation.

17. Symptoms of a Chiari Malformation include dizziness, inability to completely open Plaintiff's left hand, pain and discomfort and as such, qualifies as a disability within the meaning of the ADA and the NJLAD in that it substantially limits one or more major life activities.

18. By further way of background, Plaintiff advised Defendant of her disability during her interview process, and in or around April 2019, Plaintiff required a medical leave of absence until in or around July 2019, in connection with Plaintiff's disability.

19. Shortly after Plaintiff's return to work in or around July 2019, Plaintiff began experiencing dizziness and chronic pain and discomfort in connection with her disability.

20. As a result thereof, Plaintiff required multiple doctor appointments to diagnose and treat Plaintiff's aforementioned symptoms, necessitating that Plaintiff request an additional medical leave of absence.

21. At that same time, Plaintiff requested medical leave under the Family Medical Leave Act ("FMLA"), to seek treatment for Plaintiff's disability.

22. Defendant denied Plaintiff's request for FMLA leave, stating that Plaintiff's total hours did not meet their requirement.

23. As a result, Plaintiff was required to request an extension to Plaintiff's personal medical leave of absence.

24. In or around September 2019, Plaintiff contacted Defendant's Leave of Absence ("LOA") department, and advised them that Plaintiff's return to work date was scheduled for on or about September 21, 2019.

25. Defendant's LOA department required that Plaintiff submit a doctor's note upon Plaintiff's return to work.

26. Around that same time, Plaintiff was given work restrictions by her doctor of not lifting more than fifteen (15) pounds, not working greater than eight (8) hours per day, and taking a fifteen (15) minute break for every one (1) hour of work.

27. However, despite advising Defendant's LOA department of Plaintiff's restrictions, Defendant did not accommodate Plaintiff's restrictions or allow for Plaintiff to return to work.

28. Shortly thereafter, on or about November 12, 2019, when Plaintiff attempted to log into Defendant's system remotely, Plaintiff was denied access.

29. When Plaintiff contacted management in regard to Plaintiff's inability to access Defendant's system remotely, Plaintiff was advised that she was terminated from employment.

30. Later that same day, Plaintiff received an email from Defendant stating that Plaintiff was terminated.

31. Subsequently, Plaintiff followed Defendant's appeal process, and on or about November 20, 2019, Plaintiff met with Defendant for Plaintiff's appeal.

32. During this meeting, Defendant declined Plaintiff's request to view Plaintiff's doctor's paperwork, stating they did not want to see it.

33. Following this meeting, Plaintiff received a second letter from Defendant stating that Plaintiff was permanently terminated from employment and could no longer appeal their decision.

34. Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of her actual and/or perceived disability, and in retaliation for requesting a reasonable accommodation.

35. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability and/or perceived disability and failed to engage in the interactive process to determine such reasonable accommodations.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION AND RETALIATION

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

39. At all times relevant hereto, Defendant had at least fifteen (15) employees.

40. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

41. As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

42. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

43. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of her disability, because it regarded her as being disabled within the meaning of the ADA, and/or in retaliation for plaintiff's requesting a reasonable accommodation.

44. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

45. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

### COUNT IV
### THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10-5:1, *ET SEQ.*
### DISCRIMINATION AND RETALIATION

46. Paragraphs 1 through 45 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

47. Pursuant to the NJLAD, Plaintiff is a qualified individual with a disability.

48.     Plaintiff requested a reasonable accommodation in connection with her disability in the form of returning to work with limited restrictions.

49.     Defendant refused to engage in the interactive process as required by the NJLAD.

50.     In this regard, Defendant retaliated against Plaintiff on the basis of her disability and request for reasonable accommodation by targeting her with discriminatory treatment, failing to engage in the interactive process under the NJLAD, and ultimately, terminating her employment.

51.     Defendant, through its agents, officers, servants and/or employees, violated the NJLAD by terminating Plaintiff's employment because of her disability and in retaliation for her request for accommodation in connection thereto.

52.     As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earning potential, other significant economic benefits, emotional pain and suffering emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Benjamin Salvina*
Benjamin Salvina, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Phone: (267) 273-1054
bsalvina@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: August 10, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.